UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SAMANTHA MARCIANO,

                        Plaintiff,                        Index No.:

      -against-                                   **COMPLAINT**
                                                                      *Jury Trial Demanded*

NBCUNIVERSAL MEDIA LLC,

                        Defendant.
------------------------------------------------------------------------X

       Plaintiff, SAMANTHA MARCIANO, by and through her attorneys, LIEB AT LAW, P.C., as and for her complaint against the above-named Defendant, respectfully alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and §§ 1343(a)(3) and (4), as this action seeks redress for the violations of Plaintiff's civil rights pursuant to applicable federal statutes and regulations.

2. Venue is proper in this matter pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to these claims occurred in the Southern District of New York.

3. Plaintiff has properly exhausted her administrative remedies.

4. Plaintiff received a Notice of Right to Sue Letter from the EEOC on June 16, 2023, and has timely filed this Complaint within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

5. A copy of the Notice of Right to Sue is attached hereto as **Exhibit** "**A**".

## FACTUAL HISTORY

6. Plaintiff was an employee of NBCUniversal Media, LLC (hereinafter "NBC") from September 2019 to February 8th, 2022.

7. Plaintiff was employed by NBC as a Content Producer.

8. From in or around June 2020 to in or around October 2020, Plaintiff was on medical leave to undergo and recover from surgery to alleviate the symptoms of trigger fingers and De Quervain's tenosynovitis in her wrists, fingers, and hands.

9. Plaintiff also suffers from a congenital heart defect and had a device implanted in her heart in 2012.

10. Upon Plaintiff's return to work in or around October 20, 2020, Melissa Mack noticed Plaintiff's use of a cane to walk and asked her if working from home would assist her with her recovery. Ms. Mack then requested accommodation on Plaintiff's behalf in the form of permission to work from home.

11. Specifically, Ms. Mack conveyed the request to Amy Morris, News Director at NBC. Ms. Morris denied the request outright without discussing the same with Plaintiff or engaging in any form of interactive process with Plaintiff.

12. Not only was Plaintiff denied accommodation to work from home, she was even provided with additional writing and editing work each week which usually took three (3) to four (4) hours to complete.

13. As a result of the extra work, the condition of Plaintiff's hands began to deteriorate again. However, Plaintiff was told that she had no choice but to perform the additional work.

14. As a result of Defendant's denial of Plaintiff's request for an accommodation and the additional work she was instructed to perform, Plaintiff could not fully recuperate and her

condition deteriorated further, forcing her to take a second medical leave for another round of surgeries in June of 2021.

15. While still on medical leave, in or around August 2021, Plaintiff received the first round of the COVID-19 vaccine, in compliance with New York City's mandate and NBC's requirements, to which she had a severe adverse medical reaction.[1]

16. Plaintiff's physician advised her that in light of severe joint inflammation caused by the vaccine, receiving a second dose of the vaccine could cause reactions even worse than those she experienced after taking the first dose of the vaccine.[2]

17. When Plaintiff returned to work in or around August 2021, she informed Lynn Costa, NBC's Vice President of Human Resources, regarding her severe reaction to the first COVID-19 vaccine.

18. Prior to Plaintiff providing her official medical exemption request (from being required to take the 2nd dose of the COVID-19 vaccine), Lynn Costa requested that Plaintiff seek medical advice from a third-party medical service provided by NBC as to whether it would be dangerous for Plaintiff to receive a second dose of the COVID-19 vaccine.

19. Said Third Party Medical Service determined that they could not assist Plaintiff and suggested that she receive advice from her primary care physician, which she had done.

20. On December 23, 2021, Complainant spoke with Lynn Costa during which time Ms. Costa informed Complainant that any accommodation to work from home, as a result of not being able to receive the second dose of the vaccine, would be temporary because the position was going to become "on-site only".

---

[1] New York City Employees - working on site - were required to receive the first dose of an approved COVID-19 vaccine by December 27, 2021.
[2] New York City Employees - working on site - were required to receive the second dose of an approved COVID-19 vaccine by February 10, 2022.

21. On December 31, 2021, Complainant submitted her request for accommodation to work from home.

22. While Plaintiff's request for accommodation was pending, Defendant did not permit Plaintiff to work from home.

23. Plaintiff did not receive any communication related to her accommodation request until January 27, 2022, even though Defendant was aware that Plaintiff only had until February 10, 2022, to be fully vaccinated (if she was not granted an accommodation).

24. As a result of Plaintiff's discussion with Lynn Costa (who informed her that any accommodation would be temporary) and the fact that she had not heard anything in response to her accommodation request, Plaintiff started applying for jobs outside of her field on January 15, 2022.

25. Since the Plaintiff has a young daughter with a medical condition, she could not afford to be left without a regular paycheck and health insurance for any period of time.

26. Plaintiff was compelled to accept the first position she was offered (outside of her field and for less money) and informed Defendant, verbally, on February 1, 2022, that she was resigning her position.

27. On February 4, 2022, Plaintiff sent Defendant a follow-up resignation letter stating that she was resigning "because of NYC's vaccine mandate 2nd dose requirement and my medical issue from the first COVID shot, I am no longer allowed in the building after 2/10/222 because I can't receive additional doses per my doctor".

28. Unbeknownst to Plaintiff, Lynn Costa was informed by a member of Defendant NBC's legal department on February 1, 2022, that Plaintiff was approved for a reasonable accommodation to work form home.[3]

29. At Plaintiff's exit interview on February 8, 2022, Defendant informed Plaintiff for the first time that her request for accommodation was granted. Defendant did not offer Plaintiff the option to retain her position.

## AS AND FOR A FIRST CAUSE OF ACTION
## (Americans with Disabilities Act- Disability Discrimination)

30. Plaintiff reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

31. A Plaintiff suing for failure to accommodate under the ADA must show that: "(1) [The plaintiff] is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his/her disability; (3) with reasonable accommodation, [the plaintiff] could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations" Bey v. City of New York, 999 F.3d 157 (2d Cir. 2021)

32. Plaintiff is a covered "employee" under the ADA.

33. Defendant is a covered "employer" under the ADA.

34. Plaintiff, at all times relevant, was an individual with a disability pursuant to the ADA. Specifically, Plaintiff has physical impairments that substantially limit one or more of her major life activities, including but not limited to her circulatory system's functioning, walking, standing, breathing, performing manual/physical tasks involving use of her hands.

---

[3] Defendant admitted this fact in its position statement submitted to the New York State Division of Human Rights.

35. Plaintiff is a qualified individual with a disability pursuant to the ADA as Plaintiff could perform the essential functions of her position with a reasonable accommodation.

36. Defendant was aware of Plaintiff's disability, as she provided them with medical documentation and discussed her conditions with Defendant.

37. Defendant failed to grant Plaintiff reasonable accommodation or engage in a good-faith dialogue with Plaintiff prior to denying her requests, which did not impose an undue hardship on Defendant in any capacity.

38. As a result of Defendant's denial of Plaintiff's request for a reasonable accommodation, Plaintiff was compelled to resign her position.

39. As a result of Defendant's unlawful actions, committed with malice or reckless indifference, Plaintiff has suffered emotional distress, physical injury, pain and suffering, and embarrassment.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Americans with Disabilities Act- Constructive Discharge)

40. Plaintiff reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

41. To succeed on a constructive discharge claim, an employee must show "both (1) that there is evidence of the employer's intent to create an intolerable work environment that forces the employee to resign, and (2) that… a reasonable person would have found the work conditions so intolerable that he would have felt compelled to resign." Shultz v. Congregation Shearith Israel of N.Y., 867 F.3d 298, 309 (2d Cir. 2017).

42. Plaintiff suffers from medical conditions - described above - which become exacerbated by the COVID-19 vaccine (i.e. severe inflammation).

43. Defendant, knowing of such illness and the threat posed to Plaintiff's health by being further vaccinated, inexplicably delayed the processing of Plaintiff's application for accommodation to the point that she was forced to resign out of concern for her health.

44. Defendant was aware that Plaintiff had until February 10, 2022, to either receive the second dose of the vaccine or be granted an accommodation but did not even acknowledge her request until January 27, 2022.

45. Furthermore, Defendant knew that Plaintiff's request for accommodation was granted on February 1, 2023. Nonetheless, Defendant did not notify Plaintiff of her request's approval, instead compelling her to resign by misrepresenting the status of Plaintiffs' request for accommodation and fabricating uncertainty as to whether it would be approved by February 10, 2022.

46. Plaintiff has a daughter with a medical condition and could not afford to be left without a regular paycheck and health insurance, both of which were jeopardized as a result of Defendant's subsequent refusal to grant her requests for reasonable accommodation.

47. Furthermore, Defendant made it clear that any accommodation would be temporary.

48. As a result, Plaintiff began applying to lower paying jobs, outside of her field on January 15, 2022.

49. During the time between Plaintiff's request and her termination, Plaintiff was not permitted to work from home.

50. Between the period when Plaintiff made her accommodation request and resigned her employment, employees of Defendant made remarks that compelled her to resign.

51. To wit, Plaintiff was told by other NBC Universal employees that she "should do the right thing" i.e., get vaccinated, and that she should get vaccinated because "everyone else is doing it".

52. On or about February 1, 2023, as a result of the foregoing, Plaintiff resigned her position.

53. At Plaintiff's exit interview, Defendant informed Plaintiff for the first time that her accommodation request had been granted.

54. Plaintiff was not offered the option to retain her position.

55. As a result of Defendant's intransigence and dilatory tactics, Plaintiff has been involuntarily discharged from her position.

## DEMAND FOR JURY TRIAL

56. Plaintiff repeats and realleges each and every allegation set forth in the paragraphs above as though fully set forth herein.

57. Plaintiff hereby demands a trial by jury.

**WHEREFORE**, Plaintiff demands a judgment in their favor and against Defendant, with interest, costs, and disbursements of this action as follows:

(1) On the First and Second Causes of action, compensatory damages, punitive damages, costs, expenses, and reasonable attorneys' fees, back pay and/or the maximum amount under the law plus interest; and

(2) Any further relief the Court finds just and proper.

Dated: Smithtown, New York
       September 14, 2023

LIEB AT LAW, P.C.

*[signature]*

Mordy Yankovich, Esq.
*Attorneys for Plaintiff*
308 W. Main Street, Suite 100
Smithtown, NY 11787
(646) 216-8009 ext. 158
Mordy@liebatlaw.com

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X    Index No.:
SAMANTHA MARCIANO

                    Plaintiff,

    -against-

NBCUNIVERSAL MEDIA LLC,

                    Defendant.
------------------------------------------------------------------------X

# COMPLAINT

**LIEB AT LAW, P.C.**
*Attorneys for Plaintiff*
308 W. Main Street, Suite 100
Smithtown, New York 11787
(646) 216-8006
Fax (631) 878-4460 **(Not for Service)**

## CERTIFICATION BY ATTORNEY

The undersigned, an attorney duly admitted to practice in the Courts of the State of New York, shows:  I certify that, to the best of my knowledge, information and belief formed after an inquiry reasonable under the circumstances, the presentation of the paper(s) listed above or contention(s) herein are not frivolous as defined in subsection (c) of section 130-1.1.

                                                  Mordy Yankovich, Esq.